IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JOEL T. STAKEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV03-501-S-EJL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| IDOC, IMSI, ISCI, GREG FISHER, RANDY BLADES, PRISON HEALTH SERVICES, and LARRY HYNES, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court are the following motions: (1) IDOC Defendants' Motion to Stay (Docket No. 43); (2) Plaintiff's Motion to Appoint Counsel (Docket No. 45); (3) Plaintiff's Motion to File an Amended Complaint (Docket No. 51); and (4) IDOC Defendants' Motion to Vacate Scheduling Order (Docket No. 54).

Defendants request that the case be stayed pending the outcome of Plaintiff's appeal of the state court's decision to dismiss his Eighth Amendment claims. It appears that the appeal in the state court action only involves an Eighth Amendment claim. This Court previously ruled that Plaintiff was precluded from proceeding with the identical Eighth Amendment claim in the present action based on a res judicata defense. Accordingly, the appeal in the state court action does not appear to affect Plaintiff's remaining ADA and

**ORDER  1**

Rehabilitation Act claims in this action. Based on the foregoing, the Court will deny the request for the stay of the federal court action.

Plaintiff has requested appointment of counsel for the ADA and Rehabilitation Act claims. The Court has reviewed Plaintiff's affidavit in support of the request for appointment of counsel, and it appears that good cause exists to attempt to locate counsel for Plaintiff. He suffers from a hearing impairment and has alleged that mental illness impedes his ability to litigate his claims. Based on the Plaintiff's allegations, the Court will conditionally grant the motion to appoint counsel. The motion is conditionally granted because an attorney cannot be forced to take an appointment on a pro bono civil case, and, therefore, the Court must initiate a search for an attorney who is willing to represent Plaintiff at no charge. *See Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298, (1989)(federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d)). The Court will initiate the search for an attorney to represent Plaintiff.

Additionally, Plaintiff requests leave to file an amended complaint in this action, but he failed to include a copy of the proposed amended complaint. Plaintiff's motion for leave to file an amended complaint will be denied without prejudice, and Plaintiff will be instructed to re-file the motion with the proposed amended complaint attached to the new motion to amend.

**ORDER  2**

Finally, Defendants request that the Court's scheduling order be vacated in this case. The Court has determined that good cause exists to vacate the earlier scheduling order and issue a new one.

### PRE-TRIAL SCHEDULING ORDER

**<u>Completion of Discovery and Requests for Subpoenas</u>:**  All discovery shall be completed on or before **October 28, 2005.**  Discovery requests must be made far enough in advance to allow *completion* of the discovery in accordance with the applicable federal rules *prior* to this discovery cut-off date.  The Court is not involved in discovery unless the parties are unable to work out their differences as to the discovery themselves.

**<u>Dispositive Motions</u>:**  All motions for summary judgment and other potentially dispositive motions shall be filed with accompanying briefs on or before **December 16, 2005.** Responsive briefs to such motions shall be filed within thirty (30) days after service of motions.  Reply briefs, if any, shall be filed within fourteen (14) days after service of responses.  All motions, responses, and replies shall conform to Rule 7.1 of the Local Rules for the District of Idaho.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the IDOC Defendants' Motion to Stay (Docket No 43) is DENIED.

**ORDER  3**

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Appoint Counsel (Docket No. 45) is conditionally granted, subject to an attorney's willingness to accept a pro bono appointment.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to File an Amended Complaint (Docket No. 51) is DENIED without prejudice to re-filing it.

IT IS FURTHER HEREBY ORDERED that the IDOC Defendants' Motion to Vacate Scheduling Order (Docket No. 54) is GRANTED as set forth above.

DATED: **May 16, 2005**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**ORDER 4**

**ORDER  5**